IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| DANIEL SACCOCCIA, | ) |
| | ) |
| Plaintiff, | ) Case No.: _____ |
| | ) |
| v. | ) |
| | ) |
| NATIONAL CREDIT ADJUSTERS, LLC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, DANIEL SACCOCCIA, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, NATIONAL CREDIT ADJUSTERS, LLC., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. DANIEL SACCOCCIA, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Dayton, County of Green, State of Ohio.

5. The debt that Plaintiff allegedly owed was for a payday loan, which was for the personal use of Plaintiff and/or used for household expenditure.

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. NATIONAL CREDIT ADJUSTERS, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Ohio. Defendant's principal place of business is located in the State of Kansas. Defendant is incorporated in the State of Kansas.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   ALLEGATIONS

13. On or about July 10, 2014, Plaintiff received a telephone call from a person that only identified himself as "Ken," a duly authorized representative of Defendant, who stated that he was calling to collect the Debt from Plaintiff.

14. During the course of the aforesaid telephone call between Defendant and Plaintiff, Defendant stated that they were sending someone out to look for him.

15. During the aforementioned telephone call between Defendant and Plaintiff, Defendant demanded to know what Plaintiff looked like, how tall he was, and where he can be found.

16. The aforementioned representation had the effect of conveying to an unsophisticated consumer that Defendant would be personally visiting Plaintiff and possibly serving court documents.

17. Defendant's representations, as delineated above, were false, deceptive and misleading given that Defendant had no intention on going out to see Plaintiff and/or server Plaintiff with anything.

18. Defendant's statements as delineated above are neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

19. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

20. The natural consequence of Defendant's statements was to cause Plaintiff mental distress and to sense fear of Defendant and who it may send to visit Plaintiff.

21. At no time during the course of the aforementioned telephone call to Plaintiff did Defendant provide information relative to the individual caller's identity or the name of the company he worked for, except to identify himself as "Ken."

22. On July 27, 2014, Plaintiff received another phone call from the person who previously identified himself as "Ken" calling to collect a debt.

23. The aforementioned July 27, 2014 phone call was placed after 9:00 p.m.

24. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

   b. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   c. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

   d. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   e. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   f. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   g. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

   h. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

   i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

25. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

26. Plaintiff hereby demands a trial by jury on all issues so triable.

27. The Plaintiff, DANIEL SACCOCCIA, by and through his attorneys, SMITHMARCO, P.C., hereby respectfully requests that the trial of this matter proceed in Kansas City.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DANIEL SACCOCCIA, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

      a. All actual compensatory damages suffered;

      b. Statutory damages of $1,000.00;

      c. Plaintiff's attorneys' fees and costs;

      d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

**SMITHMARCO, P.C.**

Dated: November 4, 2014

By:    s/ Mandy M. Shell
Mandy M. Shell, KS Bar # 23410
PO Box 413677
Kansas City, MO 64141
Telephone: (913) 871-4170
Facsimile: (888) 418-1277
E-Mail: mshell@smithmarco.com
ATTORNEY FOR PLAINTIFF